# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| KEVIN GOLDSTON | CIVIL ACTION NO. 06-1533-LC |
| VS. | SECTION P |
| RONALD MARICLE, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff Kevin Goldston's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on September 5, 2006. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana, and complains of events which occurred at that institution. Plaintiff names ACC Lieutenant Ronald Maricle, ACC Mercury Housing Unit Captain Shelton Manuel, ACC Jupiter Housing Unit Captain Daniel Granger, and Azsy Insurance Company and John and /or Joan Doe as defendants herein.

The following matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b) and a standing order of this Court.

## STATEMENT OF THE CASE

On June 28, 2005, plaintiff received a disciplinary report for allegedly testing positive for the contraband substance THC. This infraction was in violation of the disciplinary rules, and plaintiff was placed in administrative disciplinary segregation. A hearing before the disciplinary board was held on July 1, 2005, wherein plaintiff was found guilty of the violation and was sentenced to a loss of 24 weeks of incentive pay, a custody change to maximum working cellblock, and was ordered to pay restitution for the cost of the field test. Plaintiff's appeal of the disciplinary board's finding

argued that there was not a second, corroborating drug test administered. Upon review of plaintiff's appeal, prison officials found that as the alcohol/drug test form did not indicate that a second and corroborative drug test was administered, the field drug test was improperly conducted and was invalid. Therefore, the sentence was vacated and the matter expunged from plaintiff's record, he was returned to light duty status, did not lose any incentive pay, and he was reimbursed for the restitution that he had paid.

Plaintiff alleges that as a result of the above referenced confinement, he suffered from reduced access to the phone, television, and canteen; and was placed with six cell mates that he did not know. Plaintiff also states that the confinement occurred at a very inopportune time (following hurricane Katrina) as he had limited contact with his family, and he could not ascertain the status of their safety or whereabouts. As such, plaintiff claims that he experienced undue and grave mental and spiritual discomfort, stress and worry. In keeping, he seeks to recover d compensatory damages.

## LAW AND ANALYSIS

_____When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B),

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## FAILURE TO STATE A CLAIM

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In general, plaintiff claims that the defendants' actions in regard to the disciplinary hearing and his wrongful placement in administrative segregation violated his due process rights. As to these claims, plaintiff has failed

to state a claim for which relief may be granted. Specifically, in *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court clarified when due process protections attach to the prison disciplinary process. The Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. *Sandin*, 515 U.S. at 486. The Court noted that the protections of Fourteenth Amendment due process defined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence." In sum, the Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Under the guidance provided by *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on *Sandin*, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)(citing *Sandin*, 515 U.S. at 478). In coming to this conclusion, the court noted that the Supreme Court articulated the principle "that the Due Process

Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d 767 (citing *Sandin,* 515 U.S. at 478)(citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451(1976)). Accordingly, the Fifth Circuit held that 30 day commissary and cell restrictions imposed as punishment are in fact merely changes in the conditions of confinement which do not implicate due process concerns. *Madison*, 104 F. 3d at 768. Relying on *Sandin*, the Fifth Circuit has found that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest); *Rodriguez v. Pratt*, 2001 WL 1042737, *3 (N.D.Tex.2001) (same but for fact that administrative segregation totaled seventy days). The Fifth Circuit has also rejected the notion that the additional restrictions imposed on those in administrative segregation violate due process rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (*per curiam*). ("...absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Id.* at 580).

In the instant action, plaintiff was not deprived of any good time credits as a result of the disciplinary action. While the disciplinary action may have caused plaintiff to lose certain privileges, such restrictions do not impose an atypical, significant hardship on plaintiff in relation to the ordinary incidences of prison life. Consequently, no federally protected due process rights were violated in connection with plaintiff's detention. Accordingly, plaintiff's claim that he was

denied due process lacks an arguable basis in law and is recommended dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, at Lake Charles, Louisiana, this 15th day of December, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE